IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHA L. SWAIN, M.D. and <br> PRADIP K. SWAIN, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> ENCORE MEDICAL CORP., <br> and ENCORE ORTHOPEDICS, <br> INC., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:04-174J <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

GIBSON, J.

This case comes before the Court on Plaintiffs' Motion to Compel Discovery (Document No. 12). Based upon a consideration of Plaintiffs' Motion to Compel Discovery (Document No. 12) and Memorandum of Law in Support of Their Motion to Compel Discovery (Document No. 18), and upon consideration of Defendants' Response to Plaintiffs' Motion to Compel Discovery (Document No. 16) and Memorandum of Law in Support of Defendants' Response to Plaintiffs' Motion to Compel (Document No. 17), and based upon oral argument by means of a telephonic conference call on October 3, 2005 (Document No. 19) and the record in the case *sub judice*, the Court shall grant Plaintiffs' motion in part for the following reasons.

## JURISDICTION

Jurisdiction is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1332, in that all parties to the above-captioned civil action are citizens of different states. Specifically, Plaintiffs are individuals who reside in Pennsylvania, and the Defendants, Encore Medical Corporation, and Encore Orthopedics, Inc., are Texas

corporations with their principal place of business in Texas. Furthermore, the subject matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 10, 2000, Asha L. Swain (hereinafter "Mrs. Swain") had a total left knee replacement with an "Encore Foundation Series posterior stabilized knee . . ." (Document No. 1, Exhibit 1, Plaintiffs' Complaint). The artificial knee joint components, "which were manufactured, sold and distributed by Encore in Pennsylvania" are alleged by Plaintiffs to be "dangerously defective . . . ." *Id.* Specifically, on or about June 26, 2002, Mrs. Swain felt her artificial left knee become unstable, and she immediately visited her orthopedic physician. *Id.*

The visit to her physician revealed that a stabilizing post in her left knee had broken. *Id.* Consequently, on or about July 10, 2002, Mrs. Swain underwent another surgery to "revise the left tibial polyethylene insert which had broken, [and to repair] the delamination which had occurred . . . ." *Id.* A second Encore artificial knee tibial insert was implanted into Mrs. Swain's left knee. *Id.*

Following the replacement of the left tibial polyethylene insert, Mrs. Swain continued to feel pain and soreness in her left knee. *Id.* Eventually, gradual swelling and hemorrhaging that succeeded the second knee operation revealed that Mrs. Swain's left knee had become infected. *Id.*

On or about June 2003, Mrs. Swain underwent her third knee surgery whereby the second artificial Encore left knee and all of its components were removed. *Id.* An "artificial antibiotic spacer" was implanted in place of the removed components. *Id.* For the next several months, Ms. Swain received antibiotics intravenously. *Id.*

On or about August 19, 2003, Ms. Swain underwent her fourth knee surgery. *Id.* The antibiotic spacer was surgically removed from her left knee, and a total left knee replacement was implanted. *Id.* However, due to the continued surgeries, Ms. Swain is no longer a candidate for future knee replacement surgery. *Id.*

Based upon the above-mentioned facts, the Plaintiffs filed the following claims against the Defendants in the Court of Common Pleas for Allegheny County: Count One-Negligence; Count Two-Strict Liability in accordance with the Restatement of Torts, 2nd Ed. § 402(A); Count Three-Strict Liability: Misrepresentation, § 402(B); Count Four-Breach of Warranties; and Count Five Loss of Consortium (Pradip K. Swain v. Defendants). Thereafter, the Defendants removed this civil action to the United States District Court for the Western District of Pennsylvania on July 21, 2004.

On or about November 23, 2004, this Court entered a case management order, which set forth a discovery completion date of June 30, 2005. (Document No. 8).

Thereafter, on May 26, 2005, the parties requested from the Court an extension of the discovery deadline. The Court granted the request, and the amended case management order set forth August 30, 2005 as the date for discovery to be completed. (Document No. 9).

On or about August 25, 2005, the Plaintiffs filed a Motion to Compel Discovery. (Document No. 12). After receiving Defendants' Response to Plaintiffs' Motion to Compel Discovery (Document Nos. 16 & 17), the Court held oral argument by means of a telephonic conference call on October 3, 2005 wherein the parties addressed the issues raised in Plaintiffs' Motion to Compel. (Document No. 19). The issues in dispute were taken under advisement, and those issues are decided in this Memorandum Opinion.

3

**DISCUSSION**

The Plaintiffs argue in their Motion to Compel that the Defendants have failed to engage in discovery as required under the Federal Rules of Civil Procedure. (Document Nos. 12 & 18). Specifically, the Plaintiffs allege that they served a request for production of documents upon the Defendants on January 25, 2005, and the Plaintiffs served a set of written interrogatories upon the Defendants on February 21, 2005. *Id.* Plaintiffs argue that the Defendants "refuse[] to provide any discovery to [P]laintiffs until such time as [P]laintiffs capitulate to sign a confidentiality agreement acceptable to the [D]efendant[s]." (Document No. 12). The Plaintiffs assert that without leave of Court, the Defendants cannot stay discovery proceedings. Moreover, the Plaintiffs claim that Defendants have not timely filed objections to these discovery requests, nor have the Defendants timely filed a motion for a protective order pursuant to the Federal Rules of Procedure.

Conversely, the Defendants assert that they have not required the Plaintiffs to "capitulate" by signing a confidentiality agreement; rather, the Defendants notified the Plaintiffs "as early as March 10, 2005 that . . . [they] would require a confidentiality agreements protecting the [D]efendants' confidential information." (Document No. 16). Specifically, the Defendants claim that the orthopedic devices and related products that it designs and manufactures are trade secrets. *Id.* If these trade secrets were inadvertently disseminated, it would allow access by competitors to Defendants' proprietary information and a market-place advantage. *Id.*

Based upon Defendants' assignation of the requested information as "trade secret", Defendants forwarded to the Plaintiffs a proposed confidentiality agreement, and the Plaintiffs responded on March 28, 2005 by forwarding Plaintiffs' proposed confidentiality agreement. *Id.*

4

Subsequently, the Defendants claim that "[i]n an effort to move the litigation forward, on May 4, 2005 [D]efendants promptly responded by accepting, with very few changes, [P]laintiffs' proposal." *Id.* However, Plaintiffs have not consented to the changes.

**STANDARD**

The Federal Rules of Civil Procedure provide liberal discovery rules which permit the requesting party to obtain even inadmissible material, so long as it is not privileged and "is relevant to the claim or defense of any party", and "[f]or good cause the court may order discovery of any matter relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). For instance, Federal Rules of Civil Procedure 33 and 34 establish the procedure governing interrogatories and requests for production of documents. Specifically, Rule 33(b)(1) directs that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." *See Nike, Inc. v. Brandmania.com, Inc.*, 2002 WL 32348549, *1 (E.D. Pa. 2002); *Rade v. Transition Software Corporation*, 1998 WL 126921, *2 (E.D. Pa. 1998). Rule 34(b) "requires that a party served with a document request [must] either produce the requested documents *or else state a specific objection for each item or category objected to.*" *Nike, Inc.*, 2002 WL at *1 (citing to *Rade*, 1998 WL at *2) (emphasis added). If a party that is served with a request for documents or a request for written interrogatories fails to "respond adequately to either an interrogatory or document request, the serving party may file a motion to compel under Rule 37(a). *Nike, Inc.*, 2002 WL at *1. Furthermore, Rule 37(d) provides as follows:

> **Rule 37. Failure to Make Disclosure or Cooperate in Discovery; Sanctions**
>
> (d) **Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection**. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . .
>
> * * *
>
> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable *unless the party failing to act has a pending motion for a protective order* as provided by Rule 26(c).

Fed.R.Civ.P. 37(d) (emphasis added).

Rule 26(c) provides that a party from whom discovery is sought may request from the Court an order protecting the confidential information. Specifically, Rule 26(c)(7) provides that the court may "for good cause shown . . . make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden . . . including . . . that a trade secret . . . not be disclosed or disclosed only in a designated way." Fed.R.Civ.P. 26(c)(7). Accordingly, the "court's order may include terms precluding or limiting discovery and may provide 'that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way. Rule 26(c)(8).'" *Nike, Inc.*, 2002 at *1.

In the case *sub judice*, the Court initially observes that the Defendants have failed to properly seek this Court's protection with regard to the Plaintiffs' discovery requests. Specifically, the Defendants did not appropriately object to Plaintiffs' requests, nor did the Defendants timely file a motion seeking an order of protection from this Court. Consequently, the Court notes that "[i]t is generally held that 'failure to object to a discovery request in a timely fashion constitutes

waiver of the objection. *Cf.* 8 Wright & Miller, Federal Practice and Procedure § 2173 at 544 (1970)." *Northfleet Corp. v. Consolidated Rail Corp.*, 1984 WL 2615 (E.D. Pa. 1984).

The Court also observes that the Plaintiffs have consented to a confidentiality agreement which is evidence of their willingness to provide Defendants with a reasonable degree of confidentiality. In this case, where the parties failed to reach a formal agreement regarding the confidentiality agreement, it was incumbent upon the Defendants to follow the proper procedure in requesting the Court's intervention.

Accordingly, the Court determines that based upon the Plaintiffs' acceptance of a need for a confidentiality agreement under the facts of this civil action, the Court shall grant the Plaintiffs' Motion to Compel Discovery in part. Specifically, the Defendants shall provide the Plaintiffs with the requested discovery material, and the parties shall follow the terms of the Plaintiffs' March 28, 2005 (Document No. 17, Exhibit B) proposed confidentiality agreement.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHA L. SWAIN, M.D. and<br>PRADIP K. SWAIN, M.D.,<br>        Plaintiffs,<br>    v.<br><br>ENCORE MEDICAL CORP.,<br>and ENCORE ORTHOPEDICS,<br>INC.,<br>        Defendants. | )<br>)<br>)<br>)   Civil Action No. 3:04-174J<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**AND NOW**, this 19th day of December, 2005, upon consideration of Plaintiffs' Motion to Compel Discovery (Document No. 12) and Memorandum of Law in Support of Their Motion to Compel Discovery (Document No. 18), and upon consideration of Defendants' Response to Plaintiffs' Motion to Compel Discovery (Document No. 16) and Memorandum of Law in Support of Defendants' Response to Plaintiffs' Motion to Compel (Document No. 17), and based upon oral argument held before the Court on October 3, 2005 (Document No. 19) and in accordance with this Court's Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery is **granted in part**.

**IT IS FURTHER ORDERED** that the Defendants shall provide the Plaintiffs with the requested discovery material within 30 days, and the parties shall follow the terms of the Plaintiffs' March 28, 2005 (Document No. 17, Exhibit B) proposed confidentiality agreement.

BY THE COURT:

_/s/ Kim R. Gibson_
United States District Judge
The Honorable Kim R. Gibson

cc:   All counsel of record.