IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHA L. SWAIN, M.D., and<br>PRADIP K. SWAIN, M.D.,<br>           Plaintiffs,<br><br>v.<br><br>ENCORE MEDICAL CORP., and<br>ENCORE ORTHOPEDICS, INC.,<br>           Defendants. | )<br>)<br>)<br>)   CIVIL ACTION NO. 03:04-174<br>)<br>)   JUDGE KIM R. GIBSON<br>)<br>)<br>) |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### SYNOPSIS

Now before the Court is Plaintiffs' Motion for Sanctions Upon Defendant for Violation of an Order of Court Compelling Answers to Interrogatories and Requests for Production of Documents. Document No. 25. Because the Court writes only for the parties' benefit, it will not repeat the factual history of this case detailed in its previous Order. Document No. 24. For purposes of the Motion *sub judice*, an abbreviated summary of this case's procedural posture will suffice.

Plaintiffs served various interrogatories and document requests on Defendants Encore Medical Corp. and Encore Orthopedics, Inc. in January and February, 2005. No answers or objections were forthcoming, however. Instead, the parties entered into negotiations for a confidentiality agreement that were ultimately unsuccessful. Still left without responses to their requests, Plaintiffs filed a Motion to Compel Discovery on August 25, 2005. Document No. 12. After hearing oral argument on that Motion, the Court ordered Defendants to provide the requested discovery by January 18, 2006, but imposed on the parties a confidentiality agreement to which Plaintiffs had previously acquiesced.

1

Document No. 24. The Court specifically ordered that "Defendants shall provide the Plaintiffs with the requested discovery material. . . ." *Id.* at 8. The Order also found that "Defendants have failed to properly seek this Court's protection with regard to [the] discovery requests" because no objections were timely filed and Defendants did not request a protective order within the period alloted by FED. R. CIV. P. 33(b). *Id.* at 6. The Court then cited *Northfleet Corp. v. Consolidated Rail Corp.*, No. 83-2992, 1984 WL 2615 (E.D. Pa. April 27, 1984), for the proposition that an interrogated party waives any objection that is not timely asserted.

After Defendants filed discovery responses that Plaintiffs deemed unsatisfactory, the Swains initiated another—and ultimately futile—dialogue to elicit the information that Defendants had now withheld for over a year. Finally exasperated with what they perceived as Defendants' dilatory and obstructive behavior, Plaintiffs moved the Court to impose sanctions on August 10, 2006. Included in the motion is Plaintiffs' Certificate of Reasonable Effort, filed in compliance with FED. R. CIV. P. 37(d). Certificate of Reasonable Effort, attached to Document No. 25. For the reasons set forth in this Memorandum Opinion, the motion is granted.

## DISCUSSION

### 1. Standard

The explicit language of FED. R. CIV. P. 33 creates a thirty-day period following the service of interrogatories in which the interrogated party can either answer or object.[1] In responding, the interrogated party is obligated to "furnish information that is available to it and that can be given

---

[1] "The [interrogated] party . . . shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." FED. R. CIV. P. 33(b)(3). This is a default period, however, and may be altered by the Court or by agreement between the parties. *Id.* The record in this case, however, contains no such agreement or Order of the Court.

2

without undue labor and expense." CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2174, p. 302 (2d ed. 1994). To the extent that the answer to a particular interrogatory lies in the respondent's own records or with respondent's own personnel, it is the respondent's obligation to cull that information from its source and provide it to the requesting party; simply making the sources available is no substitute. However, in responding to a discovery request, a party need not prepare its opponent's case. *Id.*, pp. 302-03.

Where the interrogated party objects, it must do so with a sufficient degree of specificity. "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D. Pa. 1980). An objection must also be timely. According to Rule 33, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." It is well-settled that courts deem untimely objections as waived.[2]

Finally, sanctions for bad-faith failure to respond are left to the Court's discretion. *General Ins. Co. of Am. v. E. Consol. Utils.*, 126 F.3d 215, 219 (3d Cir. 1997).

## 2. Analysis

In this case, the gravamen of Plaintiffs' motion concerns Defendants' responses to the interrogatories Plaintiffs validly served in February 2005. Though there is some dispute regarding the adequacy of Defendants' response to the document request made in January 2005, Plaintiffs allow that

---

[2] Failure to timely assert an objection on certain privilege grounds does not necessarily constitute a waiver., however. CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2173, pp. 294-96 (2d ed. 1994).

they have received over seven hundred pages of material. Having turned over the requested information, Defendants need not highlight portions of particular interest to Plaintiffs. The Swains are still expected to independently assess the adequacy and value of any divulged documents. Without knowing more about the documents that Defendants have disclosed, the Court is ill-equipped to decide whether or not they warrant sanctions at this time. Thus, this Order addresses exclusively the issue of Defendants' conduct regarding the February 2005 interrogatories.

The answers that Defendants eventually filed in response to the Court's December 2005 Order were prefaced with three and one-half pages of general objections. Defendants also filed more specific objections to sixteen of the thirty-four questions and answered five other questions in a manner Plaintiffs found "obfuscatory or non-responsive." Document No. 25, ¶ 7. Of the sixteen objections that Defendants filed, eight claim only that a specific term in the question is "vague, ambiguous, overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Document 25, Exh. A, Response Nos. 3, 4, 5, 16, 21, 22, 25, and 29. Another seven objections assert simply that a particular question posits a "legal conclusion, capable of multiple interpretations and responses." *Id.*, Response Nos. 8, 10, 11, 13, 14, 15, and 20. To the extent that these objections provide any further information, Defendants direct Plaintiffs to depose Encore Medical Corporation's Chief Medical Officer, Craig L. Smith. *Id.*, Response Nos. 3, 4, 5, 21, 22, and 25.

Defendants' conduct violates most of the principles behind Rule 33. They did not respond within the time allotted by the rule. The general objections preceding their answers evince a complete indifference to the specificity requirement; the individual objections raised against particular questions asserted only the "familiar litany" of breadth, burdensomeness, and oppression. Further, Defendants' strategy of answering one discovery request by way of an invitation to further discovery mocks the

4

purpose behind Rule 33.

All of these circumstances suggest the propriety of sanctions. Defendants' conduct is exacerbated by the clarity of the applicable law and the delay imposed on these proceedings. Though there is not a considerable amount of appellate precedent binding trial courts in this context, the principles that guide the federal rules are easily uncovered. Responsible and forthright lawyering is not a plausible excuse for Defendants' conduct. Additionally, because the original interrogatories were served in January 2005, the issue of Defendants' responsiveness has delayed proceedings for nearly two years.

Though the disposition of Plaintiffs' Motion is left to the Court's sound discretion, assurance is taken from factually similar cases. In *Klemka v. Bic Corp.*, Nos. 95-4548 and 95-5538, 1996 U.S. Dist. LEXIS 2700 (E.D. Pa. March 11, 1996), the defendant was sanctioned for not responding to some interrogatories, evasively responding to others, and asking for a confidentiality agreement. The court found defendant had acted in bad faith by violating a previous order directing responses to plaintiff's discovery requests. In *Venable v. Equifax Credit Info. Servs.*, No. 92-0477, 1994 U.S. Dist. LEXIS 8157 (E.D. Pa. June 14, 1994), the court levied sanctions against plaintiff in the form of dismissal and the award of opposing counsel fees for similar discovery abuses.

In imposing sanctions, the full range of options, including default judgment, are available to the Court. FED. R. CIV. P. 37(d).[3] The Court finds at this juncture, however, that what it considers to be Defendants' dilatory and bad-faith conduct is best corrected through an order to compel and the imposition of costs and attorney fees. Such a sanction redresses the burden and cost unfairly shouldered

---

[3] Rule 37(d) requires only that the Court's order be just: "the court may make such orders in regard to the failure as are just, and *among others*, it may take any action authorized under" certain other subsections. (Emphasis added).

5

by Plaintiffs and provides them the information to which they are entitled under Rule 33. Defendants also remain free to claim all legitimate defenses to the merits of this case. Though the Court finds that a judgment of default is not the appropriate measure at this time, any further delay that appears taken in bad faith will lead to that result.

Accordingly, the Motion for Sanctions is granted and Defendants must provide full and complete responses to Plaintiffs' February 2005 interrogatories. In refiling their answers, Defendants are expected to note the inadequacy of their previous responses, internalize the principles of FED. R. CIV. P. 33 articulated in this Memorandum Opinion, and reflect the cooperative spirit of discovery that the federal rules encourage. Defendants' earlier delays now stand as a waiver of their objections. However, the Court will permit Defendants to raise the issue of attorney-client confidentiality in their response to Interrogatory No. 32 if they articulate in full detail and to the Court's satisfaction exactly how the proper response would violate that privilege. With this one exception, Defendants may not object on any grounds to Plaintiffs' interrogatories.

Additionally, Plaintiffs shall file an itemized accounting of all court costs and attorney fees incurred since January 18, 2006, in their effort to obtain responses to the February 2005 interrogatories.[4] Before making its final award of costs and fees, the Court will consider any objections to that accounting Defendants may file.

An appropriate order follows.

---

[4] While this sanction is imposed under Fed. R. Civ. P. 37, the Court notes its complementary authority to award attorney fees pursuant to 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). However, the Court at this time expresses no opinion on whether Defendants' bad faith conduct was willful. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 181 (3d Cir. 2002) ("[A] finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing sanctions under 28 U.S.C. § 1927." (citation omitted)).

6

**AND NOW**, this 19th day of October, 2006, after considering Plaintiffs' Motion for Sanctions Upon Defendant for Violation of an Order of Court Compelling Answers to Interrogatories and Requests for Production of Documents (Document No. 25) and Defendants' Response to Plaintiffs' Motion (Document No. 26), the Court finds that Defendants' bad-faith discovery abuses warrant sanction under FED. R. CIV. P. 37(d). Accordingly, the Motion is **GRANTED** and **IT IS HEREBY ORDERED** as follows:

1) Defendants shall serve upon Plaintiffs thorough responses to the February 2005 interrogatories **without objections**, except as to Interrogatory No. 32 as permitted in the Memorandum Opinion, **on or before November 20, 2006**; AND,

2) Plaintiffs shall file with the Court **on or before November 13, 2006**, an itemized accounting of all attorney fees accrued since January 18, 2006, in their effort to obtain the information originally sought in the February 2005 interrogatories; AND,

3) Defendants shall file with the Court any objections they have to the itemized accounting **on or before November 20, 2006**; AND,

4) Thereafter, on consideration of Plaintiffs' itemized accounting and Defendants' objections thereto, the Court will award Plaintiffs the appropriate amount of costs and fees.

BY THE COURT:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

Cc: All Counsel of Record