IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASHA L. SWAIN, M.D., and )
PRADIP K. SWAIN, M.D., )
        Plaintiffs, )
  ) CIVIL ACTION NO. 03:04-174
v. )
  ) JUDGE KIM R. GIBSON
ENCORE MEDICAL CORP., and )
ENCORE ORTHOPEDICS, INC., )
        Defendants. )

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### INTRODUCTION

In its Order granting Plaintiffs' Motion for Sanctions in this case, the Court found that Defendants' behavior "violate[d] most of the principles behind Rule 33" and that this "dilatory and bad-faith conduct is best corrected through . . . the imposition of costs and attorney fees." Document No. 27, pp. 4, 5. Now for the Court's consideration is Plaintiffs' appraisal of the additional work—totaling seven billable hours—that Defendants' sanctionable conduct necessitated. Document No. 28. Also before the Court are Defendants' Objections thereto (Document No. 29) and Plaintiffs' Reply (Document No. 31). The case histories set forth in the Court's previous Orders need not be repeated here; the Court writes only for the parties' benefit and restricts itself to a survey of the current legal and factual postures of the matter *sub judice*. After reviewing the applicable law, the Court will individually address the reasonableness of each itemized account.

### LEGAL STANDARD

According to FED. R. CIV. P. 37(b):

1

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending, may make such orders in regard to the failure as are just. . . . [T]he court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.[1]

The most common method of determining the reasonableness of attorney's fees is the lodestar approach delineated in *Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990). As described in that case,

> After determining the number of hours reasonably expended, the district court must examine whether the requested hourly rate is reasonable. Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar. The lodestar is presumed to be the reasonable fee. However, the district court has the discretion to make certain adjustments to the lodestar.

*Rode*, 892 F.2d at 1183 (citations omitted). *Rode* addressed the imposition of attorney's fees under 42 U.S.C. § 1988[2] and does not consider FED. R. CIV. P. 37. Furthermore, given the Court's broad discretion to manage litigation and supervise discovery, appellate review of Rule 37 sanctions are quite deferential. *See Pro Spice, Inc. v. Omni Trade Group, Inc.*, 128 Fed. Appx. 836, 839 (3d Cir. 2005) (nonprecedential opinion) (affirming the grant of attorney's fees in a lower court opinion that made no reference to the lodestar approach). Nonetheless, the Court finds that the principles behind the lodestar method offer a useful framework for the following analysis and mitigate any possibility that the award will operate surprise on either party.

---

[1] Though the Court intimated in its Order granting Plaintiffs' Motion for Sanctions that its authority was based on Fed. R. Civ. P. 37(d), it now clarifies that the sanctions described in this Memorandum Opinion are being levied on Defense counsel under subsection (b)(2) of that rule.

[2] 42 U.S.C. § 1988(b) provides: "In any action or proceeding to enforce a provision of [42 U.S.C. §§ 1981-1983, 1985, 1986] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."

2

## ANALYSIS

**1. Plaintiffs' Review of Defendants' Interrogatory Responses**

In his Itemized Accounting, Plaintiffs' Counsel, John P. Joyce ("Joyce"), claims that he spent two hours and forty-five minutes reviewing the interrogatory answers that Defense Counsel provided in response to the Court's Order to compel. Document No. 28, ¶¶ 1, 2. This included time spent searching for responsive documents, reviewing the prior Motion to Compel, and preparing attempts to confer with Defense Counsel about additional discovery requests. *Id.* According to Defense Counsels' objections, the 713 pages of documents they disclosed were Bates-stamped and categorized, and some examination was necessary whether or not there was a discovery dispute. Document No. 29, pp. 4-5.

Armed with an Order to Compel and faced with 713 pages of document, Joyce performed what is in the Court's opinion a surprisingly agile review of Defendants' disclosures. Two hours and forty-five minutes is not only a reasonable time for such a task, but a quick one. The Court also finds it reasonable that some time was spent reviewing the Motion to Compel; before charging his opponents with disobeying a Court order, Plaintiffs' Counsel was right to investigate the merits of his allegation. Furthermore, Defense Counsels' claim that a review would have been necessary fails to consider that no review was possible until the Defendants were ordered to provide the requested discovery. It is the failure to adequately comply with that Order that prompted these sanctions. Joyce spent 2.75 hours determining the extent of Defendants' noncompliance and his affidavit provides the necessary evidentiary support. Document No. 31-3, p. 1. The Court can therefore find no basis for Defense Counsels' objections.

**2) Reviewing the Federal Rules of Procedure, Consulting with Colleague, and Researching Caselaw**

3

Denise Houghton ("Houghton") and Matthew Henry ("Henry"), Defense Counsel, next object on the grounds that Plaintiffs' Motion for Sanctions does not cite any legal authority not quoted in the Order to Compel and that Plaintiffs' Counsel has 35 years of experience. Thus, the 1.5 hours that Joyce allegedly spent reviewing the Federal Rules of Procedure, consulting with a more experienced federal litigator, and reviewing case law is unreasonable.

Plaintiffs' Counsel was, of course, under a professional obligation to ensure his familiarity with the governing law. Having spent 2.75 hours determining that Defendants had still not made the appropriate disclosures, Joyce then researched his procedural options. It is not unreasonable that such research consumed one and a half hours. Nor is it unreasonable for a practitioner, even one with 35 years of experience, to consult with another attorney. Conducting the appropriate research is one of a lawyer's essential functions, and Joyce has provided evidence in the form of an affidavit attesting to the time spent on this matter. Here as well, Defense Counsels' objections must be overlooked.

### 3) Telephone Conversation with Opposing Counsel and Letter Drafting

Houghton and Henry next object that Joyce has provided no evidence to prove that he dedicated 40 minutes to communicating with Defense Counsel. Joyce's Reply, however, includes evidence of a one-minute call to Houghton's telephone number, as well as the letter in question. Document No.31-7. The letter is three pages long, itemizes the deficiencies of Defendants' disclosures, and evinces the appropriate typographical and editorial care. It also demonstrates a thorough review of the relevant discovery, as well as the Local Rules of this Court. It is the sort of letter that could reasonably require more than forty minutes to draft.

Joyce's accounting also includes another telephone conversation and letter, totaling twenty minutes of billable work. Document No. 28, ¶¶ 5-6. Defense Counsel have made no objection to this

time. Document No. 29, p. 6.

### 4) Preparing and Filing the Motion for Sanctions

Houghton and Henry also claim that Plaintiffs' prior Motion to Compel should have provided the relevant background material, that Joyce has already accounted for the necessary research, and that 1.75 hours is an unreasonable amount of time to spend drafting the Motion for Sanctions. Document No. 29, p. 6. According to Joyce, renewed focus on recent activity was necessary to assemble a cogent motion. The Court agrees. A request that opposing counsel be made to serve discovery is considerably different in nature from a request that opposing counsel be sanctioned. That both requests might draw from the same facts does not prevent different circumstances from being relevant. A lawyer must also reconsider the tone and direction of his presentation and choose the supporting documentation. It was not unreasonable that Joyce decided to draft his Motion for Sanctions anew, and it is not unreasonable that he required one hour and forty-five minutes to do so.

### 5) The Hourly Fee

Having concluded that Plaintiffs' Counsel reasonably spent seven hours addressing Defendants' noncompliance with the Order to Compel, the Court need only determine the reasonableness of the hourly fee to be multiplied. Joyce asserts an hourly rate of $250. Document No. 28, ¶ 8. Defense Counsel object that there is "no way of determining the 'rate' charged by plaintiff's [sic] attorney, especially when counsel [is] compensated by way of a contingency fee." Document No. 29, p. 6. In his Reply, Joyce acknowledges that there is a contingency agreement, but argues that no caselaw "precludes payment . . . when the time spent and charges allocated are substantiated as being reasonable." Document No. 31, p. 5. Joyce has also sworn that his normal hourly rate for paying clients is $250. Document No. 18, ¶ 8; Document No. 31-3, p. 1. Supporting affidavits from three Pittsburgh-

5

area lawyers claim that $250 is a reasonable hourly fee for an attorney with Joyce's experience in the relevant market. Document Nos. 31-4, 31-5 & 31-6.

Defense Counsel have not provided any evidence that $250 is an unreasonable rate. The Court is not, however, bound to the affidavits supporting Plaintiffs' claim. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173 (3d Cir. 2001) (affirming the reduction of a proposed $250 hourly fee that was supported by affidavits from area lawyers). Nonetheless, the Court is satisfied that the proposed hourly rate is reasonable for a Pittsburgh litigator with over thirty years of experience. Support is drawn from recent caselaw of this district. *See, e.g., Broad. Music, Inc. v. Miller Assocs.*, No. 04-1711, 2006 U.S. Dist. LEXIS 84567 (W.D. Pa. Nov. 21, 2006) (finding $245 to be a reasonable hourly rate for an experienced Pittsburgh litigator); *Leach v. Northwestern Mut. Ins. Co.*, No. 01-2364, 2006 U.S. Dist. LEXIS 83624 (W.D. Pa. Nov. 16, 2006) (finding $250 to be a reasonable hourly rate for an experienced Pittsburgh litigator); *Huu Nam Tran v. Metro. Life Ins. Co.*, No. 01-262, 2006 U.S. Dist. LEXIS 68297 (W.D. Pa. Sept. 12, 2006) (finding $250 to be a reasonable hourly rate charged by an experienced Pittsburgh litigator in a fairly straightforward case). *See generally Doe v. Ward*, 282 F. Supp. 2d 323 (W.D. Pa. 2003) (discussing the "murky realm of fee dispute jurisprudence" and finding reasonable a $250 hourly fee for an experienced Pittsburgh litigator).

## CONCLUSION

The Court will thus impose sanctions in the amount of $1,750.00. That Joyce is proceeding under a contingency fee agreement does not undermine the use of an hourly rate to calculate a sanction of attorney's fees. *Cf. City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992) (holding that enhancing the lodestar based on the presence of a contingency-fee agreement is not permitted under certain fee-shifting statutes). Because there is no evidence suggesting that the

Defending companies are themselves responsible for the noncompliance with the Court's Order, and because the sanctionable conduct is of the sort that can most reasonably be explained only as counsel's negligence, the Court will order that Attorneys Houghton and Henry provide the $1,750.00. The funds shall be paid directly to Attorney Joyce upon a showing that any contingency payment Attorney Joyce receives will be reduced by a like amount. *See Hamilton v. Ford Motor Co.*, 636 F.2d 745 (D.C. Cir. 1980) (granting the client ownership of a Rule 37(b) award where the retainer agreement in a contingency-fee relationship did not explicitly address such payments); *Stengel v. Kawasaki Heavy Industries, Ltd.*, 116 F.R.D. 263 (N.D. Tex. 1987) (requiring that plaintiff's attorney, who was working on a contingency-fee basis, file with the Court assurance that plaintiff would be credited with the Rule 37 award).

An appropriate Order follows

AND NOW, this 12th day of December, 2006, **IT IS HEREBY ORDERED** as follows:

1) Plaintiffs' Counsel, John P. Joyce, shall file with the Court a sworn statement providing assurance that any payment he receives as a result of his contingency fee arrangement with Plaintiffs Asha L. Swain and Pradip K. Swain will be reduced by $1,750.00 as a result of this Order. The statement shall bear the signature of Plaintiffs' Counsel, the signature of Asha L. Swain, and the signature of Pradip K. Swain.

2) Within ten (10) days from the date Plaintiffs' Counsel's sworn statement is filed with the Court, Defense Counsel shall remit payment directly to Plaintiffs' Counsel, John P. Joyce, in the amount of $1,750.00.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**